UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES H. HAYES,

    Petitioner

v.

WILLIAM HUTCHING, et al.,

    Respondents.

Case No.: 2:21-cv-02267-APG-DJA

**Order**

    James H. Hayes has submitted a pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus and paid the filing fee. ECF No. 1-1.  I have reviewed the petition under Habeas Rule 4 and direct that it be served on the respondents.

    A petition for federal habeas corpus should include all claims for relief of which the petitioner is aware.  If the petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions).  If the petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

    Hayes wrote at the top of his petition "Appointment of Counsel Requested!!" ECF No. 1-1, p. 1.[1]  This is insufficient.  If Hayes seeks appointment of counsel, he must file a separate motion.

---

[1] Due to Hayes's notation regarding counsel, the petition was docketed again at ECF No. 1-2 as a motion for counsel.  However, no actual motion for appointment of counsel is currently on file.

I THEREFORE ORDER the Clerk to detach, file, and electronically SERVE the petition (ECF No. 1-1) on the respondents.

I FURTHER ORDER the Clerk to add Aaron D. Ford, Nevada Attorney General, as counsel for the respondents and provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

I FURTHER ORDER the respondents to file a response to the petition, including potentially by motion to dismiss, within **90 days** of service of the petition, with any requests for relief by Hayes by motion otherwise being subject to the normal briefing schedule under the local rules.  Any response filed is to comply with the remaining provisions below, which are entered under Habeas Rule 5.

I FURTHER ORDER that any procedural defenses raised by the respondents be raised together in a single consolidated motion to dismiss.  In other words, I do not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  The respondents should not file a response that consolidates their procedural defenses with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If the respondents seek dismissal of unexhausted claims under § 2254(b)(2), they will do so within the single motion to dismiss, and they will direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, should be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

I FURTHER ORDER that, in any answer filed on the merits, the respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

I FURTHER ORDER that Hayes has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by the respondents by motion otherwise being subject to the normal briefing schedule under the Local Rules.

I FURTHER ORDER that any additional state court record exhibits filed by either Hayes or the respondents be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number or numbers of the exhibits in the attachment.

I FURTHER ORDER that, at this time, the parties are to send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless requested by the court**.

Dated: February 16, 2022

_____
U.S. District Judge Andrew P. Gordon