# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES H. HAYES,

    Petitioner

v.

WILLIAM HUTCHING, et al.,

    Respondents.

Case No.: 2:21-cv-02267-APG-DJA

**Order**

    On April 1, 2022, I granted James H. Hayes' request to appoint counsel and appointed the Federal Public Defender to represent him. ECF No. 14.  On April 28, 2022, Martin L. Novillo of the Federal Public Defender's Office appeared on behalf of Hayes. ECF No. 15.

    I THEREFORE ORDER counsel for Hayes to meet with Hayes as soon as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with Hayes, as fully as possible, the potential grounds for habeas corpus relief in Hayes's case; and (c) advise Hayes that all possible grounds for habeas corpus relief must be raised at this time and that the failure to do so will likely result in the omitted grounds being barred from future review under the rules regarding abuse of writ.

    I FURTHER ORDER counsel for Hayes to file an amended petition for writ of habeas corpus **by July 29, 2022,** which includes all known grounds for relief (both exhausted and unexhausted).

    I FURTHER ORDER the respondents to file a response to the amended petition within **90 days** of service of it.  Hayes will then have **45 days** from service of the answer, motion to

dismiss, or other response to file a reply or opposition. Any other motions will be subject to the normal briefing schedule under the local rules.

Any response to the petition must comport with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by the respondents in this case must be raised together in a single, consolidated motion to dismiss. In other words, I do not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. The respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer, and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, must instead be raised by motion to dismiss.

3. In any answer filed on the merits, the respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim; and

4. The respondents must file a set of state court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are

filed must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments. The respondents must send a hard copy of all pleadings and indices of exhibits **ONLY** filed for this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label.

Dated: April 30, 2022

_____
U.S. District Judge Andrew P. Gordon