UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James H. Hayes, | Case No.: 2:21-cv-02267-APG-DJA |
| Petitioner | **Order Granting in Part Motion to Dismiss** |
| v. | [ECF No. 44] |
| William Hutchings, *et al*., | |
| Respondents | |

In his 28 U.S.C. § 2254 petition for a writ of habeas corpus James H. Hayes challenges his conviction after pleading guilty to attempted grand larceny. ECF No. 22. The respondents move to dismiss the petition because it contains grounds that are unexhausted, procedurally defaulted, or non-cognizable. ECF No. 44. Several grounds are procedurally barred, so I grant the motion to dismiss in part.

I.   **Background**

In November 2018, Hayes pleaded guilty under *Alford*[1] to attempted grand larceny in the Eighth Judicial District Court (Clark County) Nevada. Exh. 105.[2] The charges stemmed from an April 2013 incident where the victim, who was staying at the Excalibur Hotel in Las Vegas, awoke to see Hayes going through the belongings of the people staying in the room. The victim blocked Hayes from exiting and took a picture of Hayes' Nevada identification. Hayes eventually fled and the occupants realized they were missing $130.00. Three years later in April 2016, police responded to a robbery at Harrah's casino and discovered Hayes. He had

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Exhibits referenced in this order are exhibits to the respondents' motion to dismiss, ECF No. 44, and are found at ECF Nos. 46-62.

outstanding warrants for this offense, so he was arrested. *See* Exh. 27 at 5-10.  The state district court adjudicated Hayes under the habitual criminal statute and sentenced him to 60 to 174 months. Exh. 113.  Judgment of conviction was entered on March 12, 2019. Exh. 114.  The Nevada Court of Appeals affirmed his conviction and affirmed the denial of his state habeas corpus petition. Exhs. 189, 392.

Hayes dispatched his federal habeas petition for filing in October 2021. ECF No. 7.  The court granted his motion for appointment of counsel. ECF No. 14.  He filed an amended petition setting forth six grounds for relief:

> Ground One: Hayes is actually innocent of the habitual criminal adjudication.
>
> Ground Two: The trial court failed to comply with procedural requirements when it adjudicated Hayes a habitual criminal in violation of his Fifth and Fourteenth Amendment due process rights.
>
> Ground Three: The State failed to give Hayes reasonable notice and opportunity to be heard regarding his habitual criminal adjudication in violation of his Fifth, Sixth, and Fourteenth Amendment due process rights.
>
> Ground Four: Hayes did not enter his plea pursuant to *Alford* knowingly, intelligently, and voluntarily, in violation of his due process rights because:
>
> (A) it was not accompanied by a factual finding of guilt;
>
> (B) his plea counsel was ineffective for (i) failing to advise Hayes of the impact of his prior convictions on the applicability of habitual criminal adjudication and (ii) failing to file a state pretrial habeas petition challenging the justice court's probable cause determination at the preliminary hearing.
>
> Ground Five: Trial counsel was ineffective for (A) failing to investigate Hayes' criminal record and challenge the habitual criminal adjudication; and (B) failing to move to withdraw Hayes' plea in light of the State's breach of the plea agreement.
>
> Ground Six: Hayes' appellate counsel rendered ineffective assistance.

ECF No. 22 at 11-36.

The respondents move to dismiss the petition as unexhausted, procedurally defaulted, or noncognizable. ECF No. 44.

2

## II. Motion to Dismiss -- Legal Standards & Analysis

### a. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

A petitioner must make "a fair presentation" of their federal claims to the state courts. "Fair presentation requires that a state's highest court has a 'fair opportunity to consider [an appellant's constitutional claim] and to correct that asserted constitutional defect.'" *Lounsbury v. Thompson*, 374 F.3d 785, 787-88 (9th Cir. 2004) (citations omitted). Claims presented in a procedurally improper manner such that the state appellate court did not have a fair opportunity to consider their merits are unexhausted. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a petitioner cannot achieve exhaustion procedurally deficient or improper means); *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986) (stating that a petitioner exhausts a claim only when they presented it in a way that provides the state appellate courts with an opportunity to rule on its merits).

### b. Procedural Default

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds, instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id*.

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

### c. Several Grounds are Unexhausted and Procedurally Defaulted

The respondents argue that all grounds except ground 5(B) are unexhausted. ECF No. 44 at 5-7. On direct appeal, Hayes raised a single claim—that his sentence was cruel and unusual because it was disproportionate to his crime. *See* Exhs. 139, 189. He raised several claims, including several claims of ineffective assistance of counsel, in his first state postconviction habeas corpus petition and a motion to modify/correct an illegal sentence. *See* Exhs. 295, 392, 439.

*Ground 1 is exhausted.*

Hayes asserts that he is actually innocent of habitual criminal adjudication. ECF No. 22 at 11-15. He did not raise a standalone claim of actual innocence when he appealed his conviction. *See* Exhs. 139, 189. However, the gravamen of his "actual innocence" claim in federal ground 1 is that he lacked the requisite number of felony convictions to qualify for habitual criminal status. The Nevada Court of appeals considered and rejected this claim when it affirmed the denial of Hayes' motion to modify and/or correct illegal sentence. Exh. 439 at 2-4. Ground 1, therefore, is exhausted.

////

***Ground 5(A) is exhausted.***

Hayes contends in ground 5(A) that trial counsel was ineffective for failing to investigate Hayes' criminal record and challenge the habitual criminal adjudication. ECF No. 22 at 30-33. Hayes presented the same operative factual basis and legal theory to the Nevada Court of Appeals when he appealed the denial of his first state postconviction petition. Exh. 392 at 6-7. Ground 5(A), therefore, is exhausted.

***Ground 2 is unexhausted.***

In ground 2, Hayes argues that the trial court failed to comply with procedural requirements when it adjudicated Hayes a habitual criminal. ECF No. 22 at 15-17. He asserts that the trial court did not weigh the appropriate factors for and against such adjudication and did not make an individualized determination that habitual criminal treatment was appropriate. Hayes presented this argument on appeal of the denial of his motion to modify and/or correct illegal sentence. Exh. 400 at 12. The Nevada Court of Appeals held that this claim was outside the scope of claims permissible in a motion to modify or correct an illegal sentence. Exh. 439 at 5. "Submitting a []claim to the state's highest court in a procedural context [where] its merits will not be considered" does not satisfy the fair presentation requirement for exhaustion. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), citing *Castille*, 489 U.S. at 351. Ground 2, therefore is unexhausted.

***Ground 3 is unexhausted.***

Hayes contends that the State failed to give him reasonable notice and opportunity to be heard regarding his habitual criminal adjudication, in violation of his Fifth, Sixth, and Fourteenth Amendment due process rights. ECF No. 22 at 18-19. Hayes did raise a claim that appellate counsel was ineffective for failing to argue that the State did not properly file a notice of intent to request habitual criminal treatment in his appeal of the denial of his state postconviction petition.

*See* Exh. 392 at 8. But he did not raise the underlying substantive claim that the State did not properly notify him. *See* Exhs. 139, 189. In the appeal of the denial of his motion to modify/correct an illegal sentence, Hayes did argue that the State did not properly notify him. Exh. 400 at 13. But as with federal ground two, the Nevada Court of Appeals held that this claim was outside the scope of claims permissible in a motion to modify or correct an illegal sentence. Exh. 439 at 5. It was not presented to the state appellate court in a procedural context where its merits would have been considered, and therefore, ground 3 is unexhausted. *See* Exhs. 139, 189, 392, 439.

### *Ground 4(A) is unexhausted.*

Hayes contends in ground 4(A) that he did not enter his *Alford* plea knowingly, intelligently, and voluntarily, in violation of his due process rights because it was not accompanied by a factual finding of guilt. ECF No. 22 at 20-23. Hayes did not present this claim to the state appellate courts. *See* Exh. 392 at 9. Ground 4(A) is unexhausted.

### *Ground 4(B) is partially exhausted.*

In ground 4(B) Hayes asserts that he did not enter his plea knowingly because his counsel was ineffective for (i) failing to advise Hayes of the impact of his prior convictions on the applicability of habitual criminal adjudication and (ii) failing to file a state pretrial habeas petition challenging the justice court's probable cause determination at the preliminary hearing. ECF No. 22 at 23-29. Hayes fairly presented ground 4(B)(i) to the Nevada Court of Appeals. *See* Exh. 392 at 4-5. Hayes did not, however, present federal ground 4(B)(ii) to the state appellate courts. Ground 4(B)(i) is exhausted. Ground 4(B)(ii) is unexhausted.

### *Ground 6 is also exhausted in part.*

Hayes argues that his appellate counsel rendered ineffective assistance for failing to raise federal grounds 1-3 on direct appeal. ECF No. 22 at 34-36. In his state postconviction litigation,

Hayes did not present an argument that appellate counsel failed to raise the claim that he was actually innocent of habitual criminal adjudication (federal ground 1). *See* Exh. 392. He also did not present the claim that appellate counsel failed to argue that the trial court failed to comply with procedural requirements when it adjudicated Hayes a habitual criminal (federal ground 2). Hayes did, however, fairly exhaust the claim that appellate counsel failed to argue that the State failed to give him reasonable notice and opportunity to be heard regarding his habitual criminal adjudication (ground 3). *See id*. at 8. Accordingly, the only claim that is exhausted in ground 6 is the claim that appellate counsel failed to argue that the State failed to give him reasonable notice and opportunity to be heard regarding his habitual criminal adjudication.

***Grounds 2, 3, 4(A), 4(B)(ii) and part of ground 6 are dismissed as procedurally barred.***

The respondents next argue that the unexhausted grounds should be deemed procedurally defaulted. ECF No. 44 at 7-8. If Hayes were to attempt to return to state court to exhaust grounds 2, 3, 4(A), 4(B)(ii) and most of ground 6, the state courts would dismiss on independent and adequate state-law grounds, *i.e.*, the courts would apply the mandatory state procedural bars and dismiss the claim.[3] "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) Thus, grounds 2, 3, 4(A), 4(B)(ii), and ground 6 (in part) are technically exhausted, but procedurally defaulted. *See Woodford v. Ngo*, 548 U.S. 81 (2002) (state court remedies are "exhausted" when they are "no longer available, regardless of the reason for their unavailability"). In his opposition to the motion to dismiss, Hayes merely

---

[3] Independent and adequate state law grounds include applying a time-bar and rejecting a petition as second and successive or an abuse of the writ. *See, e.g.*, NRS 34.726; NRS 34.800; NRS 34.810; *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003) ("[a] state procedural rule is 'adequate' if it is 'clear, consistently applied, and well-established at the time of the purported default . . . . [a] state procedural bar is 'independent' if the state court explicitly invokes the procedural rule as a separate basis for its decision"); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

8

doubles down on his assertion that these grounds are exhausted. ECF No. 74 at 21-23. He does not argue that he can demonstrate good cause and actual prejudice to excuse the procedural default of any of the claims. Accordingly, I dismiss grounds 2, 3, 4(A), and 4(B)(ii) as procedurally barred from federal review. The claim in ground 6 that appellate counsel failed to argue that the State failed to give Hayes reasonable notice and opportunity to be heard regarding his habitual criminal adjudication is exhausted. The other claims raised in ground 6 (that appellate counsel failed to raise federal grounds 1 and 2) are technically exhausted and dismissed as procedurally barred from federal review.

### d. **Grounds 4(B)(i) and 5(A) are not Barred by *Tollett***

"[W]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A petitioner may only attack the voluntary and intelligent character of the plea. *Id*. When a petitioner has entered a guilty plea then subsequently seeks to claim his counsel rendered ineffective assistance, such claim is limited to the allegation that defense counsel was ineffective in advising the petitioner to plead guilty. *Fairbank v. Ayers*, 650 F.3d 1243, 1254–1255 (9th Cir. 2011) (citing *Tollett*, 411 U.S. at 266–267, and explaining that because a guilty plea precludes a claim of constitutional violations prior to the plea, petitioner's sole avenue for relief is demonstrating that advice of counsel to plead guilty was deficient); *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004).

In ground 4(B)(i), Hayes claims that he did not enter his plea knowingly because his counsel was ineffective for failing to advise him of the impact of his prior convictions on the applicability of habitual criminal adjudication. ECF No. 22 at 23-25. Hayes contends in ground 5(A) that trial counsel was ineffective for failing to investigate his criminal record and challenge

9

the habitual criminal adjudication. ECF No. 22 at 30-33.  These closely related claims essentially challenge that the plea was not entered voluntarily and intelligently because defense counsel ineffectively advised Hayes to plead guilty.  They are not subject to dismissal under *Tollett*.

In sum, grounds 2, 3, 4(A), 4(B)(ii), and the claims in ground 6 that appellate counsel failed to raise federal grounds 1 and 2 on direct appeal are dismissed as procedurally barred.  I will adjudicate the merits of grounds 1, 4(B)(i), 5(A), 5(B),[4] and the remaining claim in ground 6 that appellate counsel failed to argue that the State failed to give Hayes reasonable notice and opportunity to be heard regarding his habitual criminal enhancement.

### III.    Motion for Leave to File Exhibit Under Seal

The respondents have also filed a motion for leave to file an exhibit under seal. ECF No. 63.  While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted).  In general, "compelling reasons" exist where the records may be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598).  Here, the respondents ask to file Hayes' presentence investigation report (PSI) under seal because it is confidential under state law, was sealed in state court and never made a part of the public record, and contains sensitive information.  The respondents have demonstrated compelling reasons to file the PSR under seal, so I grant the motion and the PSI will remain under seal.

/ / / /

---

[4] The respondents did not move to dismiss ground 5(B) on any basis.

10

IV. **Conclusion**

I THEREFORE ORDER that the respondents' motion to dismiss **[ECF No. 44] is granted in part** as follows:

- Grounds 1, 4(B)(i), and 5(A) are exhausted
- The claim in ground 6 that appellate counsel failed to argue that the State failed to give Hayes reasonable notice and opportunity to be heard regarding his habitual criminal adjudication is exhausted
- Grounds 2, 3, 4(A), 4(B)(ii) and the remainder of ground 6 are dismissed as procedurally barred from federal review

I FURTHER ORDER that the respondents have **September 13, 2024** to file an answer to the petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

I FURTHER ORDER that the petitioner has **45 days** following service of the respondents' answer in which to file a reply.

I FURTHER ORDER that the respondents' motion for leave to file exhibit under seal **[ECF No. 63] is GRANTED**. The exhibit will remain under seal.

DATED this 28th day of July, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE